UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

**DEBRA L. LEE,**
                      **Plaintiff**

v.                                                      Civil Action No.
                                                          3:05CV809-J

**JO ANNE B. BARNHART, Commissioner**
 **Social Security Administration,**
                      **Defendant**

### MEMORANDUM OPINION

      This case presents plaintiff Debra Lee's challenge to the decision of the Commissioner denying her claim to disability insurance benefits.  After examining the materials of record, the arguments of the parties and the applicable authorities, the Court is of the opinion that the decision of the Commissioner should be affirmed.

      Ms. Lee filed her application in November of 2002, alleging that she had been unable to engage in any substantial gainful employment since December of 1996.  After a hearing, the Administrative Law Judge ("ALJ") determined that Ms. Lee's degenerative disc disease was a severe impairment.  For some period of time after she began experiencing symptoms, she remained able to perform a full range of sedentary work, but by January 19, 2001, her condition had worsened and she was no longer able to perform full time work.  The ALJ also determined that by March 10, 2003, her condition had improved.  While she remained unable to perform any of her past relevant work, she was then able to perform a significant number of sedentary jobs.  Thus, she was awarded a closed period of benefits from January 19, 2001 to March 10, 2003.

The disability determination process consists of five steps. Wyatt v. Secretary, 974 F.2d 680 (6th Cir. 1992). These steps are approached sequentially, and a finding at any step that is adverse to the claimant terminates the process:

1. The claimant must not be engaged in substantial gainful activity.

2. The alleged disabling impairment must be "severe," meaning that it significantly limits the individual's ability to do basic work activities necessary for most jobs, such as walking, standing, sitting, lifting, seeing, hearing and speaking. 20 CFR Section 416.921.

3. If the claimant has a medical condition that meets or exceeds the impairments listed in Appendix 1 of 20 CFR Part 404, Subpart P of the regulations (often referred to as "the Listings"), the evaluation terminates and the claimant is conclusively presumed to be disabled. Lankford v. Sullivan, 942 F.2d 301 (6th Cir. 1991).

4. The claimant must be unable to do his or her past relevant work.

5. If the claimant shows inability to do the past relevant work, the Commissioner must come forward with evidence to show that the claimant can still perform a significant number of jobs. Born v. Secretary, 923 F.2d 1168 (6th Cir. 1990).

In this case, Ms. Lee challenges the Commissioner's determination at Step 5 that she experienced medical improvement to the point of being able to perform a significant number of jobs after March 10, 2003. If the Commissioner's decision on this issue is supported by substantial evidence, the reviewing Court must affirm. Studaway v. Secretary of HHS, 815 F.2d 1074, 1076 (6th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Jones v. Secretary, 945 F.2d 1365 (6th Cir. 1991). The Court's obligation to affirm in such a case exists regardless of whether we would

resolve the disputed issues of fact differently, and regardless of whether there exists substantial evidence to support the opposite conclusion.  Stanley v. Secretary, 39 F.3d 115 (6th Cir. 1994), Tyra v. Secretary, 896 F.2d 1024 (6th Cir. 1990), Mullen v Brown, 800 F.2d 535, 545 (6th Cir. 1986).

      Ms. Lee's treating physicians for the back problems were Drs. Glassman, Raque and Collis.  In April 2001, Dr. Glassman performed a spinal decompression and fusion at the L5-S1 level.  Tr. 223.  In the fall of 2002, because of continuing problems, Dr. Collis administered a series of trigger point and epidural blocks.  Tr. 296-299.  It appears that the March 10, 2003 end of disability date derives from Dr. Raque's notes of Ms. Lee's visit on that date:

> The patient has completed a course of epidural blocks.  She said that prior to the blocks her pain was a 9/10, but now it has been reduced to at worst a 4.  The leg pain that she had has resolved entirely, and her major complaint now is pain in her tailbone area.

Tr. 317.  Dr. Raque proceeded to set forth work restrictions, and those restrictions were subsequently adopted by the ALJ.  Tr. 31.

      Ms. Lee asks the Court to look at evidence suggesting that during late 2002 and early 2003, Ms. Lee began experiencing additional difficulties.  Dr. Collis opined that she was having problems "at the level above the fusion at the L-4 level."  Tr. 299.  When an October 2003 CT scan revealed a possible, but "equivocal" problem at L4-5, Dr. Raque thought the difficulty arose from a nonunion at L5-S1 (Tr. 417), while Dr. Glassman thought there was a new disc problem (Tr. 419).

      Plaintiff argues that at the time Dr. Raque recorded his recommendations in March of 2003, he was unaware of the possibility of a new problem at the level above the fusion.  She then suggests that the ALJ erred in disregarding evidence of this new problem, a disregard leading to

a flawed credibility determination.

The problem with the plaintiff's argument is that the ALJ did not base his termination of disability conclusion on identification of a *particular* manifestation of her degenerative disc disease, but on the plaintiff's own statements. Dr. Raque's March 10, 2003 impression that "she is doing fine," and his work restrictions were based on her own report and on his physical exam. Ms. Lee told him that her pain was reduced to 4 out of a possible 10 "at worst." Physical examination showed equal reflexes, normal motor testing, intact sensation, negative straight leg raising, and normal gait. Tr. 317. Whether Ms. Lee's pain of 4 "at worst" resulted from an L5-S1 problem or an L4-5 problem is essentially irrelevant for our purposes.

The Court finds no legal error in the ALJ's analysis. As substantial evidence supports the conclusions of the ALJ, the decision will be affirmed. An order in conformity has this day entered.